**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Realty Executives International Incorporated, an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>John Doe and Jane Doe, husband and wife, et al.,<br><br>Defendants. | No. CV11-1318-PHX-DGC<br><br>**ORDER** |

The Court has received a motion to quash Plaintiff's subpoena, filed by an anonymous person identified in the motion simply as "Account Holder." Doc. 10. The motion is fully briefed (Docs. 11, 12) and no party has requested oral argument. For reasons that follow, the motion will be denied.

Account Holder, who appears to be identified in the reply memorandum as Olga Rincon (Doc. 12 at 4), argues that the subpoena exceeds the scope of the Court's July 13, 2011 order permitting limited discovery to identify the true defendants in this case (Doc. 8). Although it is true that Plaintiff has obtained the name of Oscar Rincon as the registrant of the domain name associated with the wrongful acts alleged in the complaint (realtyexecutivesbankruptcy.com), Plaintiff has also provided sufficient reason to question whether this is the true identity of the person who registered the domain name and mailed 6,000 postcards to persons in Maricopa County falsely suggesting that Plaintiff had filed for bankruptcy protection. These reasons include the fact that the

information obtained from the initial subpoenas in this case suggests that Oscar Rincon lives in Cali, Columbia and has no apparent connection to Plaintiff or its business. The Court concludes that Plaintiff's subpoena to Wells Fargo to identify the owner of the credit card used to purchase the domain name falls reasonably within the scope of the Court's order – it is calculated more accurately to identify the person or persons behind the wrongdoing alleged in the complaint.[1]

In the reply memorandum, Account Holder makes a new argument: that Plaintiff has not made the showing necessary to conduct discovery designed to identify an unknown defendant. In addition to the fact that the Court generally will not consider arguments made for the first time in a reply memorandum, the Court finds Account Holder's new argument unpersuasive.

At least some of the cases cited by Account Holder concerned efforts to identify persons who had engaged in anonymous Internet speech protected by the First Amendment. The *Dendrite International* decision by the New Jersey Supreme Court is such a case. *See* Doc. 12-3. Here, however, Plaintiff has not sued the Doe Defendants for anonymous Internet speech.

Other cases cited by Account Holder (Docs. 12-2, 12-3) describe the good cause showing required to conduct discovery before the Rule 26(f) conference. See Fed. R. Civ. P. 26(d). The Court concludes that the showing has been made in this case. Plaintiff identified the Doe Defendants with as much specificity as possible given their use of an anonymously registered domain name, explained why it was unable to obtain their true identity through traditional means such as a "Whois" lookup, and presented a reasonable likelihood of making the identification through the proposed subpoenas. In addition, the

---

[1] On November 2, 2011, Account Holder filed an unsigned declaration purportedly on behalf of Oscar Rincon in Columbia, asserting that he used Olga Rincon's credit card to register the domain name. He provides no explanation why, and does not address the other alleged acts identified in Plaintiff's complaint. Doc. 17. The Court cannot rely on an unsigned declaration in acting upon Plaintiff's motion, and even if the declaration was signed it does not provide enough information for the Court to conclude that the subpoena should be quashed.

complaint pleads wrongful action that likely would survive a motion to dismiss.

Account Holder argues that Plaintiff has obtained sufficient information and should be required to name Oscar Rincon as a Defendant and proceed with the litigation, but Account Holder herself concedes that the Court may have not jurisdiction over him. To the extent the Wells Fargo subpoena seeks to identify other Doe Defendants within the Court's jurisdiction, it clearly falls within the scope and intent of the Court's July 13, 2011 order.

The fact that Account Holder appears to confirm that she is Olga Rincon in the reply memorandum does not render the subpoena moot. Ms. Rincon has not appeared as the moving person on this motion and provides no factual support for the somewhat vague suggestion that she is the holder of the credit card used to purchase the domain name. Plaintiff provides reason to believe that the address associated with Olga Rincon is not in fact her true residence, and she does nothing to dispel this uncertainty, stating vaguely that "Olga Rincon may have a US mailing address different than her home address." Doc. 12 at 3.

Finally, Account Holder's expressions of privacy concerns and her protest against "expansive discovery" (Doc. 12 at 6) are not well taken. Plaintiff seeks only to discover the identity of the card holder and others affiliated with the account – information the card holder and other account participants have given to Wells Fargo and about which she has not shown any particular privacy sensitivity. What is more, obtaining the identity of the card holder and others related to the account simply cannot accurately be described as "expansive discovery."

**IT IS ORDERED** that the motion to quash the subpoena (Doc. 10) is **denied**.

Dated this 10th day of November, 2011.

_____
David G. Campbell
United States District Judge